# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 50199 | **DATE** | 2/7/2003 |
| **CASE TITLE** | DONER vs. CITY OF ROCKFORD | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons stated on the reverse Memorandum Opinion and Order, defendant's motion for summary judgment is granted. Defendant's motion to strike is denied as moot. This case is dismissed in its entirety.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

(Reserved for use by the Court)

# MEMORANDUM OPINION AND ORDER

Plaintiff, William F. Doner, Jr., filed a two-count amended complaint against defendant, City of Rockford, his former employer, claiming violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12,110 et seq., (Count I) and the Rehabilitation Act of 1973 ("Rehabilitation Act"), 29 U.S.C. § 701 et seq., (Count II). Jurisdiction is proper under 28 U.S.C. § 1331. Defendant moves for summary judgment and to strike the affidavit of Douglas Block filed by plaintiff with its response to defendant's summary judgment motion. Defendant has not filed a reply to plaintiff's LR 56.1(b)(3)(B) statement of additional facts and, therefore, those facts are deemed admitted. See LR 56.1(a).

Generally, the court applies the same standards in determining whether there is a violation of the ADA or Rehabilitation Act in the employment context. See Peters v. City of Mauston, 311 F.3d 835, 842 (7th Cir. 2002). Defendant has raised two bases for summary judgment, statute of limitations and lack of proof of federal funding, unique to the Rehabilitation Act count. Defendant argues the amendment of plaintiff's complaint to add the Rehabilitation Act count occurred beyond the two-year statute of limitations. However, defendant waived this defense when it did not plead the statute of limitations in its answer. Fed. R. Civ. P. 8 (c); see also Perry v. Sullivan, 207 F.3d 379, 382 (7th Cir. 2000) ("Case law holding that limitations and other affirmative defenses must be filed with the defendant's response are legion"). As to the federal funding issue, defendant received federal funding in excess of $500,000 per year in 1995 and 1996 (LR 56.1 (b) ¶ 123), so the federal funding requirement is met.

Plaintiff was a police officer for defendant since 1972 and an investigator since 1985. (LR 56.1 (a) ¶¶ 1-2) The general functions of an investigator are to conduct interviews of witnesses and suspects, apprehend and arrest suspects, write traffic tickets, visit crime scenes, make sketches, write reports, and review cases with the State's Attorney for potential charges. (Id. ¶3) Plaintiff was diagnosed with multiple sclerosis ("MS") in 1990. (Id. ¶8) In 1992, plaintiff's investigator's job was modified so he did his investigations from inside the police station, with witnesses and complainants coming to him at the station or talking with him on the phone. (Id. ¶¶34, 36-38) In March 1993, he was assigned to light duty status in the detective bureau, satisfactorily performing his duties there, until taking a medical pension in April 1996. (LR 56.1 (b) ¶¶177, 180; LR 56.1 (a) ¶ 100) By September, 1995, plaintiff was using an electric wheel chair to perform his duties at the police station. (LR 56.1 (a) ¶ 60) In response to a request from defendant for the overall prognosis of plaintiff returning to full duty, Dr. Fleming, who had been monitoring plaintiff since 1993, stated in September, 1995, he doubted highly that plaintiff would ever be able to return to "full duty as indicated in your job description." (Id. ¶ 66) At the time he took his medical pension plaintiff could have performed numerous jobs in the police department which did not require the ability to do street work or make arrests. (LR 56.1 (b) ¶212) Plaintiff requested defendant accommodate him so he could continue working but defendant never discussed accommodation with plaintiff and did not consider reassignment as a possible accommodation. (Id. ¶¶ 120, 122, 191, 195).

Defendant argues plaintiff could not perform the essential functions of the job of investigator because the essential functions include being able to arrest suspects, which may involve running and scuffling, which plaintiff could not do even with an accommodation. Plaintiff contends he had been working in a job that had accommodated this issue and that he was satisfactorily performing the job. He also argues other jobs existed in the police department that did not require the ability to run or make arrests and that defendant did not engage in an interactive process to determine a reasonable accommodation.

Generally, employers of police officers, like employers of correctional officers, have a legitimate reason to require that all officers be physically able to engage in physical altercations when the circumstances require. See Miller v. Ill. Dept. of Corr., 107 F.3d 483, 485 (7th Cir. 1997) (all correctional officers must be able to help in putting down a riot). The fact an officer may not need to use this ability in his day to day duties does not diminish the need to possess the ability in the event of emergency when all officers may be called upon to act. See Id. It is clear plaintiff was not able to run or engage in physical altercations which are abilities a police officer, even one who is serving as an investigator, may be called upon to use and that there was no accommodation which would enable him to do so. Accordingly, he could not perform the essential functions of an investigator with or without an accommodation and therefore was not a qualified individual for purposes of this position. The fact defendant had allowed him to remain an investigator working inside for several years does not mean defendant had created an investigator position that eliminated the need for these physical abilities. It is evident from the record defendant was giving plaintiff light duty for a time to see if his medical condition would improve. This temporary adjustment for plaintiff does not obligate defendant to make the position permanent. See Basith v. Cook County, 241 F.3d 919, 930 (7th Cir. 2001).

An employer's duty to provide a reasonable accommodation may include reassignment to a vacant position for which the employee is qualified where the employee can no longer perform the essential functions of his current position. See Rehling v. City of Chicago, 207 F.3d 1009, 1014-15 (7th Cir. 2000). The ADA envisions an "interactive process by which the employer and employee determine the appropriate reasonable accommodation." Id. at 1015. It is undisputed for purposes of summary judgment that defendant did not consider reassignment to a vacant position or any other possible accommodation for plaintiff. While failure to engage in the interactive process is not per se a violation of the ADA, it can be a violation if it results in a failure to identify an appropriate accommodation. See id. at 1016. Plaintiff has the burden of showing a reasonable accommodation existed. Mays v. Principi, 301 F.3d 866, 870 (7th Cir. 2002). If it existed, and plaintiff did not obtain it because defendant failed to engage in the interactive process, defendant may be liable for failure to accommodate. Id. Plaintiff has not produced evidence that a vacancy existed for a job he was qualified to fill. Plaintiff's LR 56.1 (b) statement sets forth information concerning types of jobs within defendant which plaintiff could have performed, however, it does not indicate which of these were vacant. Defendant was not required to take another person out of an existing position in order to put plaintiff into it. See Malabara v. Chicago Tribune Co., 149 F.3d 690, 699 (7th Cir. 1998). Plaintiff indicates vacancies in sworn officer positions were available in 1996 (LR 56.1 (b) ¶¶125, 137) but, as discussed above, plaintiff was not qualified for these. Plaintiff notes the defendant added 34 new positions in 1996 (id. ¶ 138) and that there were numerous vacant positions within the police department and other city departments (id. ¶143), but does not identify them or show plaintiff was qualified for any of them. In the absence of evidence a vacant position for which plaintiff was qualified existed, defendant cannot be held liable for failure to accommodate.

For the foregoing reasons, defendant's motion for summary judgment is granted. Defendant's motion to strike is denied as moot. This case is dismissed in its entirety.